UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENE' BRADLEY-WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF NEW JERSEY, ET AL,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 04-03 (JEI)<br><br><br>**OPINION** |

**APPEARANCES:**

RENE' BRADLEY WILLIAMS, <u>PRO SE</u>
676 CYPRESS DRIVE
VINELAND, NJ 08360

ATTORNEY GENERAL'S OFFICE OF NEW JERSEY
BY: JOSEPH IVES PICILLO
RICHARD J. HUGHES COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625-0112
        Counsel for Defendants


**IRENAS**, Senior District Judge:

    Currently before the Court is Plaintiff's motion to compel discovery and interrogatories, for dismissal of Defendants' Answer to the Complaint, for default judgment and to compel restoration of Plaintiff's income and residence.  (Docket no. 46.)  Plaintiff has not established that Defendants committed any discovery violations, nor has she provided an alternative justification for granting the requested relief.  For the reasons set forth below, her motion will be denied.

1

I.

The facts and procedural history of this case will not be repeated in full.  Pertinent to the current motion is that Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against multiple state actors, in which she claims that she was wrongfully suspended without pay and not reinstated because she is a woman of color.  Action against Plaintiff was taken after she was charged with issuing fraudulent checks.  The gravamen of the Complaint contends that a non-minority employee, who also faced criminal charges, was not suspended without pay.

Also relevant to the instant motion is Magistrate Judge Joel Rosen's March 4, 2005 Order, in which the Court dismissed as moot Plaintiff's motion to compel the certification of Defendant Morisky's interrogatory answers, ordered the Plaintiff to produce information relevant to the criminal indictment against her, and to respond to all outstanding discovery requests, with the exception of the Defendants' request for past employment history, by no later than March 25, 2005. (Docket no. 44.)

II.

A.

The Plaintiff seeks an order compelling discovery and answers to interrogatories.  She claims that she has requested discovery and not received responses from seven of the eight

Defendants.   (Pl. Brief, at p.2.)   Plaintiff has moved to dismiss
Defendants' Answer as a sanction for failure to provide answers
to her interrogatories and for failure to produce requested
discovery, pursuant to Fed. R. Civ. P. 37.   (Pl. Brief, at p.6.)

The Plaintiff misquotes the March 4, 2005 Order, and
mistakenly interprets the Order to require *both* parties to
respond to all outstanding discovery requests by March 25, 2005.
However, the March 4, 2005 Order is explicitly directed at
Plaintiff's obligation to supply her responses to discovery
requests.

Defendants have already served responses for at least one
named Defendant and are in the process of compiling responses and
certifications for the other Defendants whose answers have not
yet been served.   (Picillo Certification, at ¶ 9.)   In addition,
Plaintiff has not fully complied with Fed. R. Civ. P. 37.   A
party who fails to answer an interrogatory submitted under Rule
33, or fails to comply with discovery requests in another
fashion, can be subject to a motion to compel.   Fed. R. Civ. P.
37(a)(2)(B).   However, the discovering party must "include a
certification that the movant has in good faith conferred or
attempted to confer with the person or party failing to make the
discovery in an effort to secure the information or material
without court action."   *Id*.   Plaintiff did not include such a
certification, although it is undisputed that she spoke with

3

opposing counsel regarding discovery issues before filing her

motion.   During that telephone conversation, counsel for the

Defendants, Mr. Picillo, a Deputy Attorney General in the

Department of Law and Public Safety, advised Plaintiff that the

Defendants were in the process of finalizing answers to the

interrogatories and the materials would be forwarded to the

Plaintiff.   (*Id*. at ¶ 4.)

Since Defendants have not violated the March 4, 2005 Order,

and there does not appear to be any discovery violations,

Plaintiff's motion to compel discovery and interrogatories will

be denied, as will Plaintiff's motion to dismiss the answer.


B.

Plaintiff seeks the entry of a default judgment against

Defendants.   She claims that she has established a prima facie

case for discrimination, and that due to Defendants' alleged bad

faith and non-compliance with discovery requests, she is entitled

to a default judgement.

Although Plaintiff styles her request as one for a default

judgment, in fact what she is really seeking is either a summary

judgment on the merits or a dismissal as a sanction for alleged

discovery violations.   As noted above, it is not clear that there

have, in fact, been any discovery violations by the Defendants,

and there certainly have been no discovery violations that come

close to justifying the sanction requested.

Defendants have put forth a viable defense to Plaintiff's claims.  Discovery has not yet been completed and there are clearly substantial factual disputes, which remain to be resolved, either by proper summary judgment motion or trial. Therefore, Plaintiff's motion for a "default judgment" will be denied.

C.

Finally, Plaintiff asks this Court to order Defendants to restore her income, including the provision of medical benefits, and to stay the sale of her home, which was sold at sheriff's sale on March 22, 2005, or in the alternative to provide her with new housing.  The basis of Plaintiff's request is her contention that she was wrongfully suspended without pay, and that Judge Rosen ordered Defendants to reinstate her with pay and benefits. Because Plaintiff asks for two types of specific relief, we will deal first with her request for paid reinstatement, and second with her requests dealing with the sale of her home.

1.

Plaintiff has not yet shown that she was wrongfully suspended.  We disagree with her claim that she has already established a prima facie case of discrimination.

5

In addition, Plaintiff misinterprets Judge Rosen's March 4, 2005 Order.  Judge Rosen clarified the Court's comments made on the record on February 23, 2005, with regard to possible reinstatement.  The March 4, 2005 Order clearly states that the Court did not order the Defendants to place Plaintiff on paid suspension with benefits, but rather "requested that counsel for the defendants inquire of their clients whether such an adjustment should be made."  (March 4, 2005 Order, at p. 7.) Judge Rosen further noted that "[c]ounsel is under no obligation from this court to compel their clients to restore the plaintiff's pay and benefit status."  (*Id.*)

Defendants were not under court order to reinstate Plaintiff with pay and benefits. Plaintiff has not provided the Court with sufficient evidence to justify such an order at this time. Plaintiff's request for restoration of income, with benefits, with be denied.

### 2.

Plaintiff requests that this Court stay the sale of her home, or in the alternative, order the Defendants to provide her and her children with new housing.  It appears that Plaintiff's home was sold at sheriff's sale on March 22, 2005, after Chase Manhattan Mortgage Corporation initiated foreclosure proceedings. (Pl. Brief, at p.9.)  It also appears that Plaintiff moved for an

automatic stay of the sheriff sale, relief of foreclosure and other relief on February 17, 2005, in the Superior Court of New Jersey.  (Pl. Ex. VIII.)

Even if the Court could stay a sale that already occurred, the restoration of Plaintiff's residence is beyond this Court's jurisdiction.  The foreclosure action was properly brought, and opposed by Plaintiff, in state court.  Plaintiff's mere allegations that she fell behind in her mortgage payments due to the alleged discriminatory actions of the Defendants does not link the foreclosure action and sheriff sale with the instant matter before this Court.  Therefore, her motion for restoration of her residence, or for alternative housing, will be denied.


V.

For the reasons set forth above, the Court will deny Plaintiff's motion.  The Court will issue an appropriate Order.



Date:    5/6/05


s/Joseph E. Irenas
Joseph E. Irenas, S.U.S.D.J.